

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2005

# Valdivia v. INS

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Valdivia v. INS" (2005). *2005 Decisions.* Paper 1314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1311
_____

VICTORIO VALDIVIA,
Appellant

v.

U.S. I.N.S; QUARANTILLO, MS., DIST.
DIR. NEWARK NEW JERSEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-00547)
District Judge: Honorable Jose L. Linares

_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
March 31, 2005

Before:  SLOVITER, NYGAARD AND FUENTES, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: April 26, 2005)
_____

OPINION
_____

PER CURIAM.

Appellant, Victorio Valdivia, is a native and citizen of Chile who entered the

United States in 1981 as a visitor and adjusted to lawful permanent resident status in

1991.  In 1993, he was convicted in New Jersey of receiving stolen property and

sentenced to four years in prison. In 1995, he was again convicted in New Jersey, this time for theft, and sentenced to four years in prison. In December 1997, the former Immigration and Naturalization Service (INS) sought Valdivia's removal for having been convicted of an aggravated felony. After numerous proceedings before the immigration tribunals and a prior federal habeas proceeding (the details of which are not relevant here), the INS amended the charge against Valdivia to include removal for having been convicted of two crimes involving moral turpitude. In 2002, an Immigration Judge (IJ) ordered Valdivia removed to Chile on that basis and denied his application for a discretionary waiver of inadmissibility under INA § 212(c), 8 U.S.C. § 1182(c). On January 21, 2003, the BIA affirmed that decision.

Valdivia then commenced this 28 U.S.C. § 2241 habeas corpus proceeding to challenge, among other things, the denial of § 212(c) relief.[1] Prior to its repeal in 1996, § 212(c) gave the Attorney General authority to waive inadmissibility of otherwise deportable legal aliens. See INS v. St. Cyr, 533 U.S. 289, 294 (2001).[2] Section § 212(c)

---

[1] Valdivia also seemed to raise a constitutional challenge to medical treatment received in custody. The District Court treated this claim as arising under 42 U.S.C. § 1983 and properly held that Valdivia failed to state a claim upon which relief can be granted.

[2] Prior to its repeal, § 212(c) stated in part:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . .

was interpreted to allow a permanent resident alien with an unrelinquished domicile of seven consecutive years (such as Valdivia) to apply for a discretionary waiver from deportation. Id. at 295. Because Valdivia was eligible for § 212(c) relief at the time of his state-court convictions, he was permitted by virtue of the holding in St. Cyr to apply for the waiver.

In its Answer to the § 2241 petition, the government argued, inter alia, that the District Court lacked jurisdiction to review the IJ's discretionary denial of § 212(c) relief. The District Court agreed, holding that it was without jurisdiction to review an exercise of administrative discretion such as a § 212(c) decision. Valdivia timely filed this appeal.

We have jurisdiction over Valdivia's appeal pursuant to 28 U.S.C. § 1291. Valdivia has been granted leave to proceed in forma pauperis in this Court. Because we conclude that his appeal lacks an arguable basis in law or fact, we will dismiss it as "frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

This Court has held that "under section 2241, habeas proceedings do not embrace review of the exercise of discretion, or the sufficiency of the evidence." Bakhtriger v. Elwood, 360 F.3d 414, 420 (3d Cir. 2004). As such, "the scope of review under section 2241 must be confined to questions of constitutional and statutory law." Id. at 424.

Valdivia raised no constitutional or statutory legal question with regard to his removal proceedings, and no legal argument challenging the standard employed by the IJ and BIA in rejecting his § 212(c) claim. Rather, his sole claim is that a discretionary §

3

212(c) waiver should have been granted given the facts of his case (i.e., because he has been in the United States for twenty years and has various ailments and disabilities). On this record, the District Court did not err in refusing to review the agency's discretionary denial of § 212(c) relief.

We note, in any event, that Valdivia plainly was not entitled to § 212(c) relief, as the record fully supports a finding that the equities weighed against his application. Valdivia claimed that his medical needs warrant remaining in the United States and that he will suffer an "extreme and unusual hardship" in Chile. There is, however, no evidence of record indicating that Valdivia cannot receive medical treatment in Chile for his alleged depression and shoulder injury, nor does it appear that his removal to Chile would work a hardship that is at all "extreme or unusual." In addition, Valdivia is an educated person in his late forties with only a cousin in the United States, and his remaining family, with whom he has contact, lives in Chile. Valdivia does not claim any history of past persecution in Chile or any fear of future harm. Valdivia entered the United States as an adult (age 26) and did not spend his formative years here. He has a criminal record of at least ten theft-related arrests with eight convictions and a parole violation. On this record, the denial of § 212(c) relief could not possibly be disturbed.

For these reasons, we will dismiss the appeal pursuant to § 1915(e)(2)(B)(i).

4